UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **GLENN POLK** | : | **CIVIL ACTION NO. 5:17-cv-758** |
| DOC #360619 | | **SECTION P** |
| **VERSUS** | : | **JUDGE S. MAURICE HICKS, JR.** |
| **JERRY GOODWIN, ET AL** | : | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed by *pro se* plaintiff Glenn Polk ("Polk"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is currently incarcerated at David Wade Correctional Center ("DWCC") in Homer, Louisiana. As defendants herein, Polk names DWCC Warden Jerry Goodwin; DWCC Colonel Lonnie Neal; and, DWCC Classification Officer Mark Hunter.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

## I.
## Background

The documentation provided by Polk shows that an incident report was issued on January 17, 2017, charging him with a violation of a Schedule "B" offense—Contraband. Doc. 1, att. 3, p. 8. The charges resulted from a shake down of a van in which cellphones, phone chargers, wall plug outlets, lighters, tobacco, and drugs were found. *Id.* at 1. Polk was transferred to DWCC on January 19, 2017, and he claims that he was placed in extended lockdown that day. *Id.* at 4. Polk states that a disciplinary hearing was held on February 7, 2017 (doc. 1, att. 2, p. 2). However, the DWCC Appeal Decision lists the hearing date as February 21, 2017. Doc. 1, att. 3,

p. 1. Polk was found guilty of the charges and was sentenced to ten days in isolation and twelve weeks loss of yard and recreation privileges. *Id.* Polk's appeal of the decision at the institutional level was denied by DWCC Warden Goodwin on March 21, 2017. *Id.* It does not appear that Polk proceeded past the first step in the administrative grievance process. Doc. 1, p. 2.

Polk filed the present matter alleging violations of his due process rights in that: (1) the disciplinary board members failed to give him a timely hearing; (2) the disciplinary board members failed to comply with mandatory procedural guidelines for disciplinary hearings for adult offenders; (3) the disciplinary board members failed to protect his rights from January 19, 2017 to February 7, 2017; and (4) the disciplinary board members failed to provide him a good faith hearing from January 19, 2017 to February 7, 2017. *Id.* at 3. In support of his claims, Polk states that an offender placed in administrative segregation for a rule violation must be given a disciplinary hearing with 72 hours of being placed in segregation. Doc. 1, att. 2, p. 2. He further states that if a hearing is delayed, the offender must be brought before the disciplinary board and informed of the reason for the delay. *Id.* Polk states that such was not done. *Id.* at 3.

As relief, Polk seeks to have the decision of the disciplinary board reversed; the incident report expunged from his records; and to be restored to his previous status with all rights and privileges reinstated. *Id.* at 4.

## II.
## Law & Analysis

*A. Frivolity Review*

Pursuant to 28 U.S.C. § 1915A(b)(1), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A claim is frivolous if it lacks an arguable basis in law or fact. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009);

*Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). In determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## B. *Disciplinary Hearing/Expungement of Report*

Polk did not lose any good time credit as a result of the complained of disciplinary hearing. In the wake of the United States Supreme Court's decision in *Sandin v. Connor,* 115 S. Ct. 2293, 2300 (1995), a prisoner has a liberty interest only in "freedom from restraint which. . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In reliance on *Sandin,* the Fifth Circuit has concluded, in the disciplinary context, that deprivations which meet the "atypical and significant" standard will normally consist of deprivations which clearly impinge on the duration of confinement." *See Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir.1995). *See also Madison v. Parker,* 104 F.3d 765, 768 (5th Cir.1997), ("thirty day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."), and *Malchi v. Thaler,* 211 F.3d 953, 958 (5th Cir. 2000) ("thirty-day loss of commissary privileges and cell restrictions do not implicate due process concerns"). As Polk did not lose any accrued good time credit as a result of the disciplinary sentence complained of herein, he has not suffered a constitutional deprivation in that regard and he is not entitled to

relief.[1]

## III.
## Conclusion

For reasons stated,

**IT IS RECOMMENDED** that Polk's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE this 25th day of September, 2017.**

**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court also points out Polk is not entitled to relief under § 1983 based on his claim that **Error! Main Document Only.**officers did not follow prison rules. Violations of prison regulations, without more, do not state a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).